UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TABETHA RABETSKI,

        Plaintiff,

v.                                                    Case No. 17-C-1453

CENTURY OAKS OF APPLETON, INC.,

        Defendant.

---

## DECISION AND ORDER

---

Plaintiff Tabetha Rabetski filed this action against Defendant Century Oaks of Appleton, Inc., alleging that Defendant failed to pay her regular and overtime pay as required under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, and Wisconsin's wage and hour laws. The parties have apparently reached a settlement, and Defendant has made a $1,025.00 payment to Plaintiff. ECF No. 15-1 (letter from Defendant's counsel regarding settlement). This matter now comes before the court on Plaintiff's motion for an award of attorney's fees and costs. ECF No. 13. Plaintiff filed her motion on May 3, 2018, and under Civil Local Rule 7(b) (E.D. Wis.), Defendant's response was due on May 24, 2018. Because Defendant has not filed a response, Plaintiff has asked that the court proceed to decide the motion (ECF No. 20), noting that "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion," Civil L.R. 7(d). For the reasons stated below, Plaintiff's motion for an award of attorney's fees and costs will be granted.

The FLSA permits an award of attorney's fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "When a prevailing party is entitled to 'a reasonable attorney's fee,' the district court must make that assessment, at least initially, based on a calculation of the 'lodestar'—the hours reasonably expended multiplied by the reasonable hourly rate—and nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) (citations omitted). Under limited circumstance, the court may adjust the lodestar after performing the calculation. *See, e.g.*, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554–56 (2010). Although the award of fees is mandatory, this court has "wide latitude" in determining the amount of any award. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 406 (7th Cir. 1999) (quoting *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 945 (7th Cir. 1997)).

"A plaintiff who has settled a case is considered a prevailing party if she has achieved some success on the merits and can point to a resolution that has changed the legal relationship between herself and defendant." *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 595 (7th Cir. 1999); *see also Johnson*, 668 F.3d at 929–30. The Seventh Circuit has held that, when considering whether a settling plaintiff qualifies as a prevailing party, the court should consider "1) whether the lawsuit was causally linked to the relief obtained, and 2) whether the defendant acted gratuitously, that is, the lawsuit was frivolous, unreasonable or groundless." *Id.* at 596 (quoting *Fisher v. Kelly*, 105 F.3d 350, 353 (7th Cir. 1997)). There can be no doubt that this lawsuit actually caused Defendant to make the $1,025.00 payment to Plaintiff, and Defendant has not raised any argument that Plaintiff's claims were frivolous, unreasonable, or groundless. Accordingly, the court concludes that Plaintiff is a prevailing party and will proceed to conduct the attorney's fees analysis.

To calculate the lodestar, the court must first ascertain the reasonable hourly rate for Plaintiff's attorney's services. *Johnson*, 668 F.3d at 929. "The determination of an attorney's

2

'[reasonable] hourly rate' is to be based on the 'market rate' for the services rendered." *Spegon v. Catholic Bishops of Chi.*, 175 F.3d 544, 554 (7th Cir. 1999) (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996)). Ultimately, "a fee applicant need only offer third party affidavits attesting to billing rates that truly are comparable to meet her burden." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 641 (7th Cir. 2011). In his declaration, Plaintiff's counsel states that he bills at the rate of $350.00 per hour for work performed on employment law cases such as this one arising under the FLSA and Wisconsin law. ECF No. 15 ¶ 6. Plaintiff's counsel has also submitted declarations from his law partner and three additional attorneys who work for two different firms; each attorney declares that he or she bills at the rate of $350.00 per hour for work performed on this kind of employment law case. ECF No. 16 ¶¶ 3, 7; ECF No. 17 ¶¶ 3, 6; ECF No. 18 ¶¶ 3, 6; ECF No. 19 ¶¶ 2, 6. Other courts in this district have recognized $350.00 per hour as a reasonable hourly rate in FLSA cases. *See Gibbs v. Sasta Bazaar, Inc.*, No. 17-cv-1268-pp, 2018 WL 2012921, at *2 (E.D. Wis. Apr. 30, 2018); *Andrews v. Chevy Chase Bank FSB*, 706 F. Supp. 2d 916, 920–21 (E.D. Wis. 2010). Based on the affidavits presented by Plaintiff and those other decisions in this district, the court concludes that $350.00 per hour reflects the reasonable market rate for employment law matters similar to Plaintiff's claims.

Having identified the reasonable hourly rate, the court must next determine whether Plaintiff's counsel reasonably expended 27.80 hours litigating this matter, as well as 1 hour preparing this motion for an award of fees. Plaintiff's counsel has submitted a copy of the invoice detailing his firm's allocation of time to this matter, which shows that he spent 27.20 hours working on this case and his law partner spent 0.6 hours working on it. ECF No. 15-2. The brief in support of the motion provides the following accurate summary of the invoice:

3

> [A] total of 8.3 hours was spent drafting and filing the Complaint and related initiating and service documentation; a total of 1.3 hours was spent reviewing documentation relevant to Plaintiff's FLSA and [Wisconsin Wage Payment and Collection Laws] claims; a total of 0.1 hours was devoted to intra-office communications; a total of 3.8 hours was spent reviewing Defendant's Answer, Defendant's provided documentation, and drafting written discovery requests to Defendant; a total of 2.0 hours was spent drafting the parties' Rule 26(f) report, communication with Defendant's counsel regarding same, and filing same with this Court; a total of 0.9 hours was spent drafting deposition notices to Defendant; a total of 7.2 hours was spent communicating with Plaintiff; and a total of 0.9 hours was spent communicating with Defendant's counsel (primarily via e-mail).

ECF No. 14 at 5–6 (footnote omitted) (citing ECF No. 15-2). A review of the invoice itself indicates that this expenditure of time was reasonable. The most substantial line items consist of 2.5 hours for an initial meeting with the client, 5.9 hours for work reviewing the file and preparing the complaint, 2.9 hours of legal research, and 3.8 hours reviewing the file documents and preparing discovery requests after receiving Defendant's answer. ECF No. 15-2 at 1–2. All of those figures seem like reasonable allocations of time for a case in the initial phases of litigation. None of the smaller time entries—such as for email exchanges with Plaintiff or opposing counsel—strike the court as unreasonable, either. Notably, the invoice does not contain gratuitous line items for extensive legal research or discovery preparation in a case that ultimately settled.

Defendant's letter to Plaintiff's counsel regarding the settlement objected to the amount of attorney's fees incurred between November 21, 2017, and the February 8, 2018 date of the settlement letter. ECF No. 15-1 at 2. But the Plaintiff's expenditures during that period do not seem to be unreasonable. Again, the two largest line-items during that period are 2.9 hours for legal research on January 9, 2018, and 3.8 hours for reviewing the answer and drafting discovery documents on January 15, 2018. *Id.* Both actions prior to the scheduling conference reflect reasonable efforts to make initial preparations in the case. Notably, after the January 25, 2018

scheduling conference, Plaintiff's counsel only expended a further 0.4 hours finalizing deposition notices and 0.1 hours reviewing Defendant's settlement letter. *Id.* at 3. The remaining line items consist largely of correspondence and preparation for the scheduling conference; these actions were neither excessive nor unreasonable. Consequently, the court finds that Plaintiff's counsel reasonably expended 27.80 hours litigating this matter.

Defendant's February 8, 2018 settlement letter asserts that any hours expended by Defendant's counsel after that date would be presumptively unreasonable. ECF No. 15-1 at 2. Plaintiff's counsel, however, asserts that he reasonably expended an additional 1.00 hour preparing this motion for attorney's fees and the supporting brief. The Seventh Circuit has held that an attorney may reasonably include an appropriate amount of time allocated to preparing the motion as part of a request for fees. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 411 (7th Cir. 1999) (first citing *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988); then citing *Kurowski v. Krajewski*, 848 F.2d 767 (7th Cir. 1988)). The court concludes that a single hour reflects a reasonable expenditure of time preparing a motion requesting attorney's fees and costs in this matter.

Having concluded that Plaintiff's counsel reasonably expended 27.80 hours litigating this matter and 1.00 hour preparing the motion for attorney's fees at the reasonable billing rate of $350.00 per hour, the court calculates the loadstar as $10,080. In light of that calculation, the court may adjust the lodestar to account for "factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Schlacher v. Law Offices of Philip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856–57 (7th Cir. 2009). But the court "may not 'eyeball' and decrease the fee by an arbitrary percentage because of a visceral reaction that the request is excessive." *Id.* at 857.

The most obvious basis for the court to consider adjusting the lodestar is the potentially disproportionate size of the of attorney's fees award relative to the amount of Plaintiff's recovery. An award of $10,080.00 in attorney's fees and $401.61 in costs would exceed Plaintiff's $1,025.00 recovery by a factor of more than 10. The Seventh Circuit, however, has "rejected the notion that the fees must be calculated proportionally to damages." *Anderson v. AB Painting and Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (quoting *Alexander v. Gerhardt Enters., Inc.*, 40 F.3d 187, 194 (7th Cir. 1994)). Indeed, the Seventh Circuit has approved an award for "a fee 21 times as great as the damages that the plaintiff obtained." *Ustrak*, 851 F.2d at 989. "And '[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys fee requests will exceed the amount of the judgment in the case." *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955 (E.D. Wis. 2003) (quoted source omitted). Accordingly, the court sees no need to adjust the lodestar amount here based on its size relative to Plaintiff's recovery.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an award of attorney's fees and costs (ECF No. 13) is **GRANTED**. Defendant shall pay Plaintiff's reasonable attorney's fees of $10,080.00 and costs of $401.61.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated this 5th day of June, 2018.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court